# In the United States Court of Appeals
# For the Fifth Circuit

AMAZON.COM SERVICES LLC,
*Plaintiff-Appellant,*

v.

NATIONAL LABOR RELATIONS BOARD, A FEDERAL ADMINISTRATIVE
AGENCY, JENNIFER ABRUZZO, IN HER OFFICIAL CAPACITY AS THE
GENERAL COUNSEL OF THE NATIONAL LABOR RELATIONS
BOARD, LAUREN MCFERRAN, IN HER OFFICIAL CAPACITY AS THE
CHAIRMAN OF THE NATIONAL LABOR RELATIONS BOARD; MARVIN
E. KAPLAN, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS OF
THE NATIONAL LABOR RELATIONS BOARD; GWYNNE A. WILCOX, IN
THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS OF THE NATIONAL
LABOR RELATIONS BOARD; DAVID M. PROUTY, IN THEIR OFFICIAL
CAPACITIES AS BOARD MEMBERS OF THE NATIONAL LABOR
RELATIONS BOARD; MERRICK GARLAND,
*Defendants-Appellees*, and

TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE,
*Intervenor.*

---

On Appeal from the United States District Court for the
Western District of Texas (5:24-cv-01000)

---

## APPELLANT'S REPLY BRIEF

---

Amber M. Rogers
HUNTON ANDREWS KURTH LLP
arogers@huntonak.com
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2799
Telephone: 214-979-3000

Kurt G. Larkin
HUNTON ANDREWS KURTH LLP
klarkin@huntonak.com
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Telephone: 804-788-8200

October 24, 2024

*Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................i

TABLE OF AUTHORITIES ........................................................ iii

INTRODUCTION ........................................................................1

ARGUMENT ...............................................................................2

   I. Amazon Is Entitled To A Preliminary Injunction..............................2

     A. Amazon Is Likely To Succeed On The Merits Of Its Claims. ......................2

       1. Humphrey's Executor Does Not Apply To The NLRB. ............................2

       2. The NLRB's "Causal Harm" Argument Is Misplaced..............................4

       3. The Court Has Jurisdiction To Consider Amazon's Seventh Amendment Claim. ..................................................................8

       4. The Public-Rights Exception To The Seventh Amendment Does Not Apply. ..................................................................9

       5. The Court Has Jurisdiction To Consider Amazon's Separation Of Powers Claim. ..................................................................13

       6. *Illumina* Does Not Address The Specific Circumstances Of The 10(j) Proceeding In This Case. .........................................................14

     B. Amazon Will Suffer Irreparable Harm Absent A Preliminary Injunction..16

     C. The Balance Of Equities And Public Interest Weighs In Amazon's Favor, And An Injunction Is In The Public's Interest............................................19

   II. The District Court Effectively Denied Amazon's Request For A Preliminary Injunction. ..................................................................21

   III. This Court Should Address The Merits Of Amazon's Injunction Request....24

   IV. The Norris-LaGuardia Act Does Not Apply. .................................................25

CONCLUSION ...........................................................................27

CERTIFICATE OF COMPLIANCE ....................................................28

CERTIFICATE OF SERVICE ...................................................................................29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Axon Enter., Inc. v. FTC,*
    598 U.S. 175 (2023) ............................................................ *passim*

*BST Holdings, L.L.C. v. OSHA,*
    17 F.4th 604 (5th Cir. 2021) ............................................... 20

*Calcutt v. FDIC,*
    37 F.4th 293 (6th Cir. 2022) ................................................. 6

*Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.,*
    98 F.4th 220 (5th Cir. 2024) ............................................... 25

*CFPB v. CashCall, Inc.,*
    35 F.4th 734 (9th Cir. 2022) ................................................. 6

*CFPB v. L. Offs. of Crystal Moroney, P.C.,*
    63 F.4th 174 (2d Cir. 2023) ................................................... 6

*CFPB v. Seila L. LLC,*
    997 F.3d 837 (9th Cir. 2021) ................................................. 5

*Chamber of Com. of U.S. v. CFPB,*
    No. 24-10248, ECF No. 105-1 (5th Cir. Apr. 30, 2024) .................... 25

*Cheney v. U.S. Dist. Ct. for D.C.,*
    542 U.S. 367 (2004) ........................................................ 19

*Chicago & N.W. Ry. Co. v. United Transp. Union,*
    402 U.S. 570 (1971) ........................................................ 26

*Clarke v. FTC,*
    74 F.4th 627 (5th Cir. 2023) ......................................... 24, 25

*Cochran v. SEC,*
    20 F.4th 194 (5th Cir. 2021) (en banc) ........................... 6, 7, 17, 18

*Collins v. Yellen*,
594 U.S. 220 (2021) ................................................................*passim*

*Columbia River Packers Ass'n v. Hinton*,
315 U.S. 143 (1942) .........................................................................26

*Community Financial Services Ass'n of America, Ltd. v. CFPB*,
51 F.4th 616 (5th Cir. 2022) ...........................................................4, 5

*Consumers' Research v. CPSC*,
91 F.4th 342 (5th Cir. 2024) ...............................................................3

*In re Cont'l Airlines, Inc.*,
484 F.3d 173 (3d Cir. 2007) .............................................................26

*Dairy Queen, Inc. v. Wood*,
369 U.S. 469 (1962) .........................................................................19

*Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*,
108 F.4th 194 (3d Cir. 2024) ......................................................17, 20

*Dennis Melancon, Inc. v. City of New Orleans*,
703 F.3d 262 (5th Cir. 2012) ............................................................16

*Elgin v. Dep't of Treasury*,
567 U.S. 1 (2012) .............................................................................13

*Entergy Miss., Inc.*,
361 NLRB 892 (2014) ......................................................................11

*Entergy Mississippi, Inc. v. NLRB*,
810 F.3d 287 (5th Cir. 2015) ......................................................10, 11

*Ex-Cell-O Corp.*,
185 NLRB 107 (1970) ......................................................................12

*Exela Enter. Sols., Inc. v. NLRB*,
32 F.4th 436 (5th Cir. 2022) ..............................................................2

*In re Fort Worth Chamber of Commerce*,
100 F.4th 528 (5th Cir. 2024) ...........................................................23

iv

*Free Enterprise Fund v. PCAOB,*
    561 U.S. 477 (2010) ...................................................................... 4, 7, 13

*FTC v. U.S. Anesthesia Partners,*
    No. 24-20270, slip op. (5th Cir. Aug. 15, 2024) ................................. 18

*Humphrey's Executor v. United States,*
    295 U.S. 602 (1935) .......................................................................... 2, 3, 4

*Illumina, Inc. v. FTC,*
    88 F.4th 1036 (5th Cir. 2023) ........................................................... 3, 14

*Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n,*
    457 U.S. 702 (1982) ............................................................................... 26

*Jarkesy v. SEC,*
    34 F.4th 446 (5th Cir. 2022) .................................................................... 7

*Johnson v. Crown Enter., Inc.,*
    398 F.3d 339 (5th Cir. 2005) ................................................................. 21

*K & R Contractors, LLC v. Keene,*
    86 F.4th 135 (4th Cir. 2023) .................................................................... 6

*Leachco, Inc. v. CPSC,*
    103 F.4th 748 (10th Cir. 2024) ............................................................... 7

*League of Women Voters of U.S. v. Newby,*
    838 F.3d 1 (D.C. Cir. 2016) .................................................................. 20

*Loma Linda-Inland Consortium for Healthcare Educ. v. NLRB,*
    No. 23-5096, 2023 WL 7294839 (D.C. Cir. May 25, 2023) .............. 14

*Nat'l Licorice Co. v. NLRB,*
    309 U.S. 350 (1940) ............................................................................... 10

*NLRB v. Jones & Laughlin Steel Corp.,*
    301 U.S. 1 (1937) ................................................................................... 10

*Pub. Serv. Co. of N.H. v. Town of W. Newbury,*
    835 F.2d 380 (1st Cir. 1987) .................................................................. 16

*Rodriguez v. Soc. Sec. Admin.*,
No. 22-13602, 2024 WL 4352403, slip op. (11th Cir. Oct. 1, 2024) ..................6

*SEC v. Jarkesy*,
144 S. Ct. 2117 (2024)............................................................................9, 10, 13

*Seila L. LLC v. CFPB*,
591 U.S. 197 (2020)..............................................................................2, 3, 4, 7

*Thunder Basin Coal Co. v. Reich*,
510 U.S. 200 (1994)...............................................................................13

*Tull v. United States*,
481 U.S. 412 (1987)...............................................................................13

*United States v. ERR, LLC*,
35 F.4th 405 (5th Cir. 2022) ................................................................11

*Va. Elec. & Power Co. v. NLRB*,
319 U.S. 533 (1943)...............................................................................10

*Withrow v. Larkin*,
421 U.S. 35 (1975).................................................................................15

*YAPP USA Auto. Sys., Inc. v. NLRB*,
No. 24-1754, 2024 WL 4489598 (6th Cir. Oct. 13, 2024) ..................7

**Statutes**

15 U.S.C. § 49 ..........................................................................................3

15 U.S.C. § 53 ..........................................................................................3

29 U.S.C. § 160 ..................................................................................9, 14

Norris-LaGuardia Act ..................................................................25, 26, 27

**Other Authorities**

29 C.F.R, § 102.67 ..................................................................................12

29 C.F.R, § 102.69 ..................................................................................12

U.S. Const. amend. VII ....................................................................*passim*

Hamilton Nolan, *NLRB's General Counsel, Is Labor's Best Legal Friend*, IN THESE TIMES (Sept. 27, 2021), available at https://inthesetimes.com/article/jennifer-abruzzo-nlrb-labor-law-unions ................................................................................................... 12

# **INTRODUCTION**

The NLRB spends much of its brief implying that Amazon jumped the gun with this lawsuit and should have allowed the agency to continue its unconstitutional proceedings because the courts can clean up any injury later. At the same time, it argues that Amazon waited too long to bring this case. The Board makes these irreconcilable assertions by contorting the record, minimizing Amazon's injuries, and ignoring applicable precedent.

The Supreme Court has held that subjection to unconstitutional agency proceedings is a here-and-now injury immediately redressable by the courts. Far from attacking the merits of the NLRB proceedings below, Amazon simply seeks to prevent an unconstitutional proceeding from taking place in the first instance. And, any perceived delay in this lawsuit is a result of the glacial pace with which the Board handled Amazon's election objections, not because of any delay by Amazon in prosecuting these claims.

In the face of irreparable harm, Amazon timely articulated three independent bases on which this Court may enjoin the Board until those constitutional infirmities are addressed. The Board provides no compelling reasons the Court cannot rule on those claims now. The Court should rule in Amazon's favor.

# ARGUMENT

## I. Amazon Is Entitled To A Preliminary Injunction.

### A. Amazon Is Likely To Succeed On The Merits Of Its Claims.

#### 1. *Humphrey's Executor* Does Not Apply To The NLRB.

In response to Amazon's explanation that the NLRA's removal protections for Board Members are unconstitutional, Dkt. 55-1 ("Br.") at 15-21, the NLRB attempts to improperly extend *Humphrey's Executor v. United States*, 295 U.S. 602 (1935). *See* Dkt. 105-1 ("NLRB Br."). As this Court has explained, *Humphrey's Executor* "upheld removal protections for the Commissioners of the Federal Trade Commission because the Commission exercised 'no part of the executive power,' but rather, was 'an administrative body' that performed 'specified duties as a legislative or as a judicial aid.'" *Exela Enter. Sols., Inc. v. NLRB*, 32 F.4th 436, 444 (5th Cir. 2022) (citing 295 U.S. at 628). The Supreme Court "limited its holding" in *Humphrey's Executor* to "a multimember body of experts, balanced along partisan lines, that performed legislative and judicial functions and was said not to exercise any executive power." *Id*. (citing *Seila L. LLC v. CFPB*, 591 U.S. 197, 216 (2020)).

As this Court correctly observed in *Exela*, the NLRB's General Counsel "is simply not an 'officer of the kind' considered by the Court in *Humphrey's Executor*"

because her prosecutorial powers are "core to the executive function." *Id.*[1] Board Members exercise those same core executive functions when they authorize the General Counsel to seek injunctive relief under Section 10(j). The Board offers no meaningful distinction that explains why the General Counsel cannot be insulated by for-cause protections, but Board Members can.

The NLRB likewise misplaces its reliance on *Consumers' Research v. CPSC*, 91 F.4th 342 (5th Cir. 2024), *cert. denied*, No. 23-1323, 2024 WL 4529808 (Oct. 21, 2024), and *Illumina, Inc. v. FTC*, 88 F.4th 1036 (5th Cir. 2023). Both *Consumers' Research* and *Illumina* analyzed administrative agencies with structures distinct from the NLRB. The NLRB maintains a unique structure that is anything but a "mirror image" of the ones examined in those cases. *Consumers' Rsch.*, 91 F.4th at 346; *see* Br. 19-21 (describing these structural dissimilarities).

The NLRB also incorrectly claims that Amazon's "position hinges on the implicit assertion that *Seila Law* … radically upended decades of precedent and practice by supplanting *Humphrey's Executor*." NLRB Br. at 26. In both *Seila Law*

---

[1] Indeed, the FTC Commissioners at issue in *Humphrey's Executor* did not exercise such prosecutorial powers. The FTC Act originally required the FTC to go through the Attorney General to seek mandamus relief in federal court. Act of Sept. 26, 1914, ch. 311, § 9, 38 Stat. 717, 722 (codified as amended at 15 U.S.C. § 49). Congress later amended the statute to authorize the FTC to seek injunctive relief in federal court in false advertising cases. Act of Mar. 21, 1938, ch. 49, § 4, 52 Stat. 111, 115 (codified as amended at 15 U.S.C. § 53).

and *Free Enterprise Fund v. PCAOB*, 561 U.S. 477 (2010), the Supreme Court declined to extend *Humphrey's Executor* to "new situation[s]." *Seila L.*, 591 U.S. at 199; *Free Enter. Fund*, 561 U.S. at 483-84. Yet that is what the NLRB seeks here—the extension of *Humphrey's Executor* to a "new situation." This Court should decline that invitation.

## 2. The NLRB's "Causal Harm" Argument Is Misplaced.

The NLRB argues that *Collins v. Yellen*, 594 U.S. 220 (2021), and *Community Financial Services Ass'n of America, Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022) ("*CFSA*"), require Amazon to show that unconstitutional removal protections for Board Members impacted a discrete decision. NLRB Br. at 34-37. *Collins* and *CFSA*, however, have no application here. Br. at 36-37. The litigants in *Collins* and *CFSA* raised removal arguments to invalidate *past* administrative actions. In contrast, Amazon is not asking this Court to "rewind" rulings the NLRB has already made. *Collins*, 594 U.S. at 274 (Kagan, J. concurring); *see CFSA*, 51 F.4th at 632 (asking whether plaintiff could show a nexus between the President's inability to remove an unconstitutionally insulated agency official "and the challenged actions *taken* by the insulated actor") (emphasis added). Amazon is merely asking to halt a constitutionally infirm proceeding before the damage is done.[2]

-------------------------

[2] This is what happened in *Seila Law*. After the Supreme Court held that the CFPB's Director was unconstitutionally insulated from removal, the Ninth Circuit

This distinction is critical and real. Amazon's claims, Br. at 36-37, are fundamentally different than typical removal challenges—like those in *Collins*, *CFSA*, and the NLRB's cited cases—where litigants seek to avoid the consequences of a decision already rendered. A challenge to an agency's "power to proceed at all" is different in kind than a challenge to "actions taken in the agency proceedings." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 192 (2023). Being subjected "to an illegitimate proceeding … is impossible to remedy once the proceeding is over." *Id.* at 191. The NLRB has no answer.

For the same reasons, the Board's focus on this Court's observation in *CFSA* that "*Collins* did not rest on a distinction between prospective and retrospective relief" totally misses the points of Amazon's argument. NLRB Br. at 55 (quoting *CFSA*, 51 F.4th at 631). In either case, the plaintiffs in *Collins* sought relief from *past conduct*—"an order setting aside" the actions undertaken by an unconstitutionally insulated officer. *See Collins*, 594 U.S. at 257. Here, Amazon is "challenging [the Board's] power to proceed at all," and is neither seeking to invalidate (prospective) nor recover for (retrospective) past "actions taken in the agency proceedings." *Axon*, 598 U.S. at 192.

---

ruled on remand that the administrative proceeding could continue after the agency "remedie[d] any constitutional injury that [Seila] may have suffered." *CFPB v. Seila L. LLC*, 997 F.3d 837, 846 (9th Cir. 2021).

Worse, the NLRB overlooks this Court's en banc decision in *Cochran v. SEC*, 20 F.4th 194 (5th Cir. 2021) (en banc), *aff'd by Axon*, 598 U.S. 175. As the en banc Court explained, when a plaintiff "seeks an administrative adjudication untainted by separation-of-powers violations," she "does not seek to 'void' the acts" of the impermissibly protected official. *Id.* at 210 n.16. Even so, the complained-of violation "is sufficiently serious" and opens the doors to the federal courts for "pre-enforcement review." *Id.* (rejecting application of *Collins* that suggested the injury of enduring "an enforcement proceeding presided over by an unconstitutionally insulated ALJ is supposedly less 'serious' than the injury caused by an enforcement proceeding presided over by an unconstitutionally appointed ALJ").

Instead of engaging with *Cochran*—which appears nowhere in its brief—the NLRB turns to a handful of extra-circuit authorities applying *Collins*. NLRB Br. at 35. The cases are inapposite because they involved challengers seeking to void past administrative actions. *See Rodriguez v. Soc. Sec. Admin.*, No. 22-13602, 2024 WL 4352403, slip op. at 8-9 (11th Cir. Oct. 1, 2024); *K & R Contractors, LLC v. Keene*, 86 F.4th 135, 149 (4th Cir. 2023); *CFPB v. L. Offs. of Crystal Moroney, P.C.*, 63 F.4th 174, 180 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 2579 (2024); *CFPB v. CashCall, Inc.*, 35 F.4th 734, 742-43 (9th Cir. 2022); *Calcutt v. FDIC*, 37 F.4th 293, 318-20 (6th Cir. 2022), *rev'd per curiam on other grounds*, 598 U.S. 623 (2023). The remaining cases rely heavily on extra-circuit precedent that cannot be squared

with *Cochran. See Leachco, Inc. v. CPSC*, 103 F.4th 748 (10th Cir. 2024), *petition for cert. filed*, No. 24-156 (Aug. 9, 2024); *YAPP USA Auto. Sys., Inc. v. NLRB*, No. 24-1754, 2024 WL 4489598, at *3 (6th Cir. Oct. 13, 2024). Importantly, the NLRB cites no Fifth Circuit case applying *Collins* to a challenge like this one, where a litigant seeks to prevent future action in an ongoing administrative proceeding. And, perhaps unsurprisingly in light of that dearth of authority, district courts in this Circuit have consistently found that ongoing, constitutionally-infirm proceedings pose irreparable harm. *See* Br. at 38 (collecting cases).

Finally, the NLRB's view of *Collins* is inconsistent with *Collins* itself, in which the Supreme Court ruled on the plaintiffs' claim that the challenged "removal restriction violates the Constitution." 594 U.S. at 257. That conclusion is consistent with *Free Enterprise Fund*, *Seila Law*, and this Court's decision in *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *aff'd and remanded*, 144 S. Ct. 2117 (2024), none of which required a showing of causal harm to reach the constitutional question. As the Supreme Court stressed in *Free Enterprise Fund*, litigants challenging ongoing administrative proceedings are "entitled to declaratory relief sufficient to ensure that the [administrative requirements] to which they are subject will be enforced only by a constitutional agency accountable to the Executive." 561 U.S. at 513. The same is true here.

### 3. The Court Has Jurisdiction To Consider Amazon's Seventh Amendment Claim.

The Board leads its opposition to Amazon's Seventh Amendment claim by relying on *Axon* to challenge pre-enforcement jurisdiction. But under each of the *Axon* factors, Amazon's Seventh Amendment injury gives rise to an Article III forum for review. *See* Br. at 26-28.

First, the Board insists that post-decisional review provided by the NLRA sufficiently protects Amazon. NLRB Br. at 38-39. But whatever review might come next cannot protect Amazon from the injury of an illegitimate proceeding that violates the Seventh Amendment. *Axon*, 598 U.S. at 191 (observing that "a proceeding that has already happened cannot be undone"). That the Board might eventually reject the compensatory damages sought by the General Counsel does not fix the constitutional infirmity of permitting the issue to be determined before a juryless tribunal. And the fact that a court could vacate any improper damages award would not remedy the violation Amazon seeks to enjoin.

Second, the Board contends the Seventh Amendment challenge is not "collateral" to the underlying proceedings because "determining the appropriate remedies for NLRA violations … is what the Board does in every meritorious case." NLRB Br. at 39. But Amazon is not challenging the Board's ability to "determine" the proper remedy. Amazon's claim is instead challenging the Board's power to

"proceed at all" to adjudicate the General Counsel's request for compensatory damages. *Axon*, 598 U.S. at 192.

Finally, the Board says that fashioning remedies is within "a core area of Board expertise." NLRB Br. at 40. But the agency holds no claim to expertise in determining its own constitutionality. The salient issue is whether the Board can even hear a case where the General Counsel seeks compensatory damages like those pursued here, not whether the Board can ultimately order those damages.

### 4. The Public-Rights Exception To The Seventh Amendment Does Not Apply.

The Board argues that its proceedings can never implicate the Seventh Amendment because Congress enacted the NLRA to protect public rights. NLRB Br. at 41-43. As in *Jarkesy*, acceding to the Board's interpretation would turn Seventh Amendment protections into "nothing more than a game" where the government could avoid jury trials by pursuing traditional forms of legal relief through the agency adjudication process and mischaracterizing them as efforts to vindicate public rights. *SEC v. Jarkesy*, 144 S. Ct. 2117, 2139 (2024).

Congress empowered the NLRB to vindicate public rights under narrow grants of enforcement authority. *See* 29 U.S.C. § 160 (granting Board ability to order remedy of reinstatement with or without backpay). The General Counsel pushes beyond those boundaries by seeking speculative and inherently immeasurable compensatory damages for loss of the "opportunity" to engage in collective

bargaining during the pendency of the agency litigation over Amazon's election objections. That type of remedy demands the protections of the Seventh Amendment. *Jarkesy*, 144 S. Ct. at 2129, 2135-36.

None of the cases the NLRB relies on control because none involved this type of claim or relief. *See* NLRB Br. at 42 (citing *Va. Elec. & Power Co. v. NLRB*, 319 U.S. 533 (1943); *Nat'l Licorice Co. v. NLRB*, 309 U.S. 350 (1940); *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1 (1937)); *see also* Br. at 25-26. Those early Board cases involved pursuit of narrow relief specifically outlined in the statute—the type of relief necessary to enforce the statute without awarding legal remedies to any aggrieved party. *See* Br. at 25-26 (explaining the distinction). The NLRB overstates the breadth of the public rights exception, claiming it "defeats any Seventh Amendment claim *regardless* of the remedy being sought" because all that matters is whether the claims at issue arise at common law. NLRB Br. at 43. This misstates the holding of *Jarkesy*, which explains that both the nature of the claims and the remedy sought matter to the application of the public rights exception. 144 S. Ct. at 2136 (explaining the Seventh Amendment applies where causes of action are modeled on common law claims and "provide a type of remedy available only in law courts").

The Board's reliance on *Entergy Mississippi, Inc. v. NLRB*, 810 F.3d 287 (5th Cir. 2015), is incorrect because that case involved backpay awards explicitly

permitted by statute. In *Entergy*, the Board ordered the employer to issue backpay to employees for any income loss they suffered by virtue of their unilateral removal from the employer's pre-existing bargaining unit (and, therefore, pre-existing collective bargaining agreement). *Entergy Miss., Inc.*, 361 NLRB 892, 895 (2014). On review, this Court determined the Board's backpay order implicated public rights. *Entergy Miss., Inc.*, 810 F.3d 287, 298-99. But the remedies sought in *Entergy* bear no resemblance to the General Counsel's attempts to pursue new and unprecedented remedies against Amazon, and the Board's cherry-picked language about "money damages" does not speak to the type of compensatory relief at issue here.

The public rights exception also fails because the General Counsel's request for compensatory damages is analogous to a tort or quasi-contract claim. Her theory holds that the NLRA imposes a legal duty to bargain immediately following election results and that an employer's alleged breach of that duty results in compensatory damages, even if an employer pursues legitimate objections to the election. That is not the kind of equitable relief that may proceed before a juryless arbiter. *See United States v. ERR, LLC*, 35 F.4th 405, 412 (5th Cir. 2022) (holding jury trial right attached to lawsuit under Oil Pollution Act because it resembled a tort or quasi-contract claim).

Despite the NLRB's claim that it only seeks to "restore the status quo," NLRB Br. at 45, the General Counsel's public comments tell a different story. In 2021, she told the press that she would pursue expanded remedies to "deter violations."[3] Here, the "violation" the General Counsel seeks to deter is an employer's statutory right to challenge the outcome of representation elections.

The Board recognized as much years ago in *Ex-Cell-O Corp.*, 185 NLRB 107 (1970), which the General Counsel now asks it to overrule. The Board held the NLRA did not authorize "punishment of a particular respondent" and that providing consequential damages for an employer's refusal to bargain during the pendency of its election objections would "come close to a form of punishment for having elected to pursue a representation question beyond the Board and to the courts." *Id*. at 109. Here, Amazon has not even pursued its election objections "beyond the Board," but merely engaged in the Board objections and review process called for in Board procedure. *See* 29 C.F.R. §§ 102.67, 102.69. The General Counsel now wants Amazon to compensate its employees because it elected to pursue a path expressly laid out in Board regulations.

---

[3] Hamilton Nolan, *Jennifer Abruzzo, the NLRB's General Counsel, Is Labor's Best Legal Friend*, IN THESE TIMES (Sept. 27, 2021), available at https://inthesetimes.com/article/jennifer-abruzzo-nlrb-labor-law-unions.

When the government seeks money damages to deter or punish, that action implicates legal relief that triggers Seventh Amendment protection. *Jarkesy*, 144 S. Ct. at 2129 (citing *Tull v. United States*, 481 U.S. 412, 422 (1987)). Here, the General Counsel asks the Board to punish Amazon for seeking review of election proceedings. She cannot pursue, and the Board cannot entertain, that remedy without an Article III decisionmaker.

### 5. The Court Has Jurisdiction To Consider Amazon's Separation Of Powers Claim.

The NLRB contends that since it rarely pursues 10(j) injunctions, no court can review the constitutionality of the structural flaws related to those actions. NLRB Br. at 48. In *Axon*, the Supreme Court reiterated that when pre-enforcement constitutional challenges implicate the agency's structural flaws, statutory review schemes do not preclude pre-enforcement review of those flaws by the courts. 598 U.S. at 180; *see also Free Enter. Fund*, 561 U.S. at 489. In contrast, courts will not entertain claims that "at root require interpretation of the parties' rights and duties" under the applicable statute, *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 213-14 (1994), or challenge the merits of an agency decision, *see Elgin v. Dep't of Treasury*, 567 U.S. 1, 6-7 (2012). Amazon's separation-of-powers claim is a structural challenge, not one based on the interpretation of the NLRA or the correctness of an agency action.

The NLRB also mischaracterizes Amazon's claims as an as-applied challenge to the fairness of the JFK8 election. NLRB Br. at 49. In fact, Amazon challenges the Board's ability to act as a prosecutor under 29 U.S.C. § 160(j) and then as a final adjudicator of claims that its decision to authorize a biased prosecution interfered with a union election. For that reason, *Loma Linda-Inland Consortium for Healthcare Educ. v. NLRB*, No. 23-5096, 2023 WL 7294839 (D.C. Cir. May 25, 2023), does not help the Board. That case involved the Board's substantive legal decision applying the NLRA to the facts, not to the structure of the Board. *Id*.

These types of "record-bound" constitutional challenges fall outside of *Axon*'s framework. The Board's conflicted role in this case illuminates structural flaws in the agency, unrelated to any merits-based decision the NLRB reached in the underlying administrative proceedings. Amazon's claim is not the type Congress intended to exclude from review when it enacted the NLRA.

> **6.** *Illumina* **Does Not Address The Specific Circumstances Of The 10(j) Proceeding In This Case.**

The NLRB invokes this Court's decision in *Illumina* to support its argument that the use of 10(j) injunctions does not offend separation of powers principles. NLRB Br. at 50 (citing *Illumina*, 88 F.4th at 1047). But as with *Flamingo Hilton*, *Kessel Food Markets*, and *Sanford*, *Illumina* did not involve claims that the Board was improperly adjudging its own earlier 10(j) decision where *that prosecutorial decision itself* was alleged to have interfered with the outcome of a union election.

14

Here, Amazon asks the Court to recognize that an unconstitutional "probability of actual bias" exists where the Board's exercise of its prosecutorial role in making a 10(j) authorization leads to an election objection alleging that the General Counsel's carrying out of that 10(j) authorization tainted the election. Br. at 31-32; *see Withrow v. Larkin*, 421 U.S. 35, 47 (1975). In that scenario, the Board cannot sit in judgment of the election objection without violating Amazon's due process rights.

The NLRB's argument illustrates the constitutional conundrum. The Board says that it "does not revisit an earlier decision to seek Section 10(j) relief when it issues final decisions in [unfair labor practice] cases where such relief was sought." NLRB Br. at 51-52. But that is precisely the point: the Board *cannot* evaluate the lawfulness of its *own* decision to authorize a 10(j) injunction when *that decision* is a basis for setting aside a union election. The General Counsel's decision to initiate the 10(j) litigation described in Amazon's complaint, including *when* she chose to initiate it, tainted the election process and created the impression that the Board wanted the union to win. In that context, to rule on the election objection and find an unlawful failure-to-bargain, the Board must adjudicate the propriety of its own earlier conduct. That creates the unconstitutional "probability of actual bias" that the Supreme Court recognized was improper in *Withrow*.

**B.** **Amazon Will Suffer Irreparable Harm Absent A Preliminary Injunction.**

The harm inflicted by the unconstitutional NLRB proceedings against Amazon presents a unique injury that will be "impossible to remedy once the proceeding[s] [are] over." *Axon*, 598 U.S. at 191. Absent an injunction, the proceedings will conclude and it will be too late for Amazon to receive meaningful relief.

First, the NLRB argues that a constitutional deprivation constitutes irreparable harm only if it involves "free speech, association, privacy or other [similar] rights." NLRB Br. at 52-55 (quoting *Pub. Serv. Co. of N.H. v. Town of W. Newbury*, 835 F.2d 380, 382 (1st Cir. 1987)). Although the NLRB's list of qualifying constitutional harms has expanded, *compare id.*, *with* Dkt. 25 at 20 (arguing that only First Amendment rights qualify), the agency still has not offered any convincing basis for distinguishing between the harm posed by those constitutional injuries and the harm posed by Amazon's subjection to illegitimate proceedings. *See* Br. at 34 n.7. As Amazon has pointed out, "harm is irreparable 'if it cannot be undone through monetary remedies.'" *Id.* (citing *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012)). The NLRB fails to explain how Amazon's here-and-

now injury could be remedied after the proceedings close, let alone through monetary relief. *Axon*, 598 U.S. at 191.[4]

Second, the NLRB contends that Amazon has not made the "caus[al] harm" showing required by *Collins*. NLRB Br. at 55. Amazon has addressed the (lack of) application of *Collins* to this case in depth above. It does not repeat those arguments here. Suffice to say that the Supreme Court has plainly instructed that an agency's "power to proceed at all" fundamentally differs from a challenge to "actions taken in the agency proceedings." Br. at 37 (citing *Axon*, 598 U.S. at 192). And, as the en banc Fifth Circuit in *Cochran* made clear, *Collins*' "causal harm" requirement is of limited utility where a party does not seek to invalidate past agency action, but rather seeks an "administrative adjudication untainted by separation-of-powers violations." Br. at 37 (citing *Cochran*, 20 F.4th at 210 n.16).

Third, the NLRB continues to insist that *Axon* applies only to questions of subject-matter jurisdiction. NLRB Br. at 56-57. But as Amazon has already explained, cabining *Axon* makes little sense. Br. at 37-38. *Axon* teaches that the harm

---

[4] The NLRB's cited authority supports Amazon by recognizing that injunctive relief is appropriate when "'required to preserve the status quo' while litigation is pending" and when the movant is suffering "harms beyond ones that can be cured after final judgment." NLRB Br. at 52-55 (citing *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 205 (3d Cir. 2024) (citation omitted)). That is precisely what is happening here—absent an injunction, the judicial system will be powerless to provide relief to Amazon for the harm of undergoing an unconstitutionally structured proceeding.

Amazon will suffer if the Board is allowed to proceed with its administrative case while the constitutional infirmities identified in this suit are left in place is both legally cognizable and impossible to remedy once the agency reaches a final decision. That is, by definition, irreparable harm. This Court recognized as much in *Cochran*, explaining that if a removal-protection claim is meritorious, "then withholding judicial consideration would injure" the claimant. 20 F.4th at 212-13. And consistent with that explanation, courts in this Circuit and elsewhere have correctly rejected the NLRB's contrary position. *See* Br. at 38 (collecting cases).[5]

Fourth, the NLRB argues that Amazon does not need injunctive relief to address its Seventh Amendment claim because it could always seek relief *after* its right to a jury is improperly denied. NRLB Br. at 58. As *Axon* explains, however, Amazon might actually prevail before the NLRB, ending any opportunity to challenge its denial of a jury trial. 598 U.S. at 191 (noting the challenger "would have the same claim had it *won* before the agency"). In all events, a post-judgment appeal cannot fully protect against a wrongful denial of a jury trial. As the Supreme Court has recognized in the mandamus context, immediate relief is often required to

---

[5] The unpublished order in *FTC v. U.S. Anesthesia Partners*, No. 24-20270, slip op. at 7 (5th Cir. Aug. 15, 2024), has no relevance here. *See* NLRB Br. at 56. That order rejected an effort to use *Axon* to appeal a federal district court's interlocutory denial of a motion to dismiss under the collateral order doctrine. The Court specifically noted that the appellant was not challenging an illegitimate administrative proceeding. *Id.* at 3, 7.

protect Seventh Amendment rights because there is no "other adequate means to attain the [desired] relief." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (citation omitted); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962) (discussing "the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury").[6]

Finally, the NLRB argues that there is no due-process violation to enjoin because the Board has already denied Amazon's election objections in the R-Case. NLRB Br. at 59. Not so. An injunction would provide relief from the still-pending C-Case proceeding, where multiple Board Members authorized prosecution and now stand poised to rule on the ULP case from which Amazon could be ordered to bargain with the Union and pay compensatory money damages to bargaining unit employees. *See* Br. at 28-32.

### C. The Balance Of Equities And Public Interest Weighs In Amazon's Favor, And An Injunction Is In The Public's Interest.

The NLRB argues that Amazon has "attempt[ed] to sidestep equity balancing and ascertaining the public interest by arguing those requirements are met merely

---

[6] Nor is it correct to say that Amazon's Seventh Amendment claim merits only a limited injunction prohibiting certain remedies. NLRB Br. at 59. This case challenges the agency's *pursuit* of remedies requiring jury consideration in pending NLRB proceedings, not the agency's *authority* to vindicate private rights. As long as the NLRB continues to pursue these remedies, Amazon is entitled to an injunction of the entirety of the proceedings on that basis.

because Amazon forecasts the success of its own constitutional claims" and points to precedent from the Third Circuit, purporting to claim Amazon's arguments "collapse[] the four factors of the injunction framework into one." NLRB Br. at 60 (citing *Del. State Sportsmen's Ass'n*, 108 F.4th 194) (quotations omitted). The NLRB incorrectly characterizes Amazon's position, and its argument misses the mark.

For starters, Amazon has not attempted to sidestep the equity-balancing and public-interest prongs of the preliminary-injunction framework. Instead, Amazon specifically supported its arguments by citing to the precedent of this Court and the D.C. Circuit, holding that administrative agencies do not have legitimate interests in perpetuating unlawful agency actions. Br. at 39 (citing *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021); *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)).[7]

The NLRB and Intervenor Teamsters Amazon National Negotiating Committee ("TANNC") also argue that the Court should deny Amazon's requested relief due to its "delay" in bringing this action. NLRB Br. at 62-64; Dkt. 107-1

---

[7] In this regard, the Board misuses the Third Circuit's *Delaware State Sportsmen's Association* decision. In that case, "the challengers and their amici argue[d] that if they w[o]n on the first factor, the District Court abused its discretion by denying a preliminary injunction." 108 F.4th at 202. Amazon makes no such argument here.

("TANNC Br.") at 38. But any perceived "delay" is from the NLRB's lethargic processing of Amazon's election objections. Amazon has not caused any delays in this case or the underlying administrative proceedings. The NLRB, however, cannot say the same. Though Amazon filed its Request for Review of its election objections on February 8, 2023, the NLRB did not issue its (seven-page) decision until more than 18 months later, on August 29, 2024. The NLRB cannot use its own dilatory processing to support its attack on Amazon's interests in obtaining injunctive relief.

Amazon also did not unduly delay in filing its constitutional challenges. Amazon filed its complaint only five business days after the NLRB issued its decision on Amazon's Request for Review in the R-Case. This does not support a laches defense. *Johnson v. Crown Enter., Inc.*, 398 F.3d 339, 344 (5th Cir. 2005).

## II. The District Court Effectively Denied Amazon's Request For A Preliminary Injunction.

The NLRB contends the district court did not effectively deny Amazon's motion requesting a temporary restraining order and preliminary injunction because Amazon gave the district court no advance notice of its need for a speedy ruling. *See* Dkt. 25 at 22; NLRB Br. at 13-21. This is, simply put, wrong.

The district court knew for three weeks before Amazon filed this appeal that the company was requesting *immediate* relief in the form of a temporary restraining order. Beginning with its complaint, filed on September 5, 2024, Amazon repeatedly emphasized the exigency of its claims and the relevant Board-imposed deadlines it

was facing. *See* ROA.32 (informing the district court that Amazon's "need for a temporary restraining order [was] imminent and dire because the NLRB may issue an order in NLRB Case 29-CA-310869 any time on or after September 13, 2024"); ROA.83, 93-95 (reiterating that Amazon would suffer irreparable harm if subjected to further proceedings before the NLRB following its September 13, 2024 deadline); ROA.508-12; ROA.558-59; ROA.586.

Amazon made it more than clear to the district court that after the Board-imposed deadline for Amazon's summary-judgment response—which was initially September 13 but was later extended to September 27—Amazon would be powerless to prevent the NLRB from issuing a final order in its unconstitutional proceeding against Amazon, a harm that could not be undone. This directly contravenes the NLRB's assertion that Amazon "imposed an arbitrary unilateral deadline *of the next morning*" when it submitted its September 26 letter brief to the district court and belies TANNC's unwarranted suggestion that Amazon "is not acting in good faith." NLRB Br. at 13-14 (emphasis in original); TANNC Br. at 26. The district court was at all times aware of the relevant deadlines in the administrative proceeding, which the NLRB unilaterally created and refused to stay pending the resolution of the issues Amazon raised in this case.[8]

---

[8] The district court even stated that he "was going to recommend" that the NLRB stay the administrative proceedings until Amazon's claims in this matter were

The NLRB's and TANNC's attempts to distinguish these circumstances from those present in *In re Fort Worth Chamber of Commerce*, 100 F.4th 528 (5th Cir. 2024), are unpersuasive. The NLRB lists reasons the Court found that the plaintiff in *Fort Worth Chamber* "acted diligently," including that the plaintiff asserted its claims "within *two* days of the challenged agency action," sought "a ruling within ten days," and "renewed [its] request for expedited relief" to the district court before eventually filing its effective-denial appeal. NLRB Br. at 15-16; *see* TANNC Br. at 24 (listing nearly identical reasons).

Here, Amazon similarly acted diligently in pursuing relief before the district court. Amazon filed its complaint on September 5, 2024, only five business days after the NLRB denied Amazon's Request for Review in the underlying administrative proceeding. ROA.13-34. Amazon informed the district court in its complaint that it would suffer irreparable harm in the event the court did not order injunctive relief on or prior to the Board-imposed deadline of September 13, 2024, eight days after the submission of Amazon's complaint. ROA.32. Amazon then reiterated its request for the district court to provide injunctive relief prior to the Board-imposed deadline, both in the hearing before the district court and in Amazon's supplemental letter brief. ROA.508-12; ROA.558-59; ROA.586.

---

handled. ROA.586. This solution would have eliminated Amazon's need for relief by September 27, but the Board declined to do so. ROA.586-87.

The fact that the NLRB refused to stay its September 27 deadline further undermines the NLRB's argument that accepting Amazon's effective denial claim would encourage litigants "to set artificial and impossible-to-satisfy deadlines in the hopes of bypassing the district court…." NLRB Br. at 20. The Court's acceptance of Amazon's effective-denial argument would simply preserve litigants' rights to appeal effective denials resulting from district court inaction in circumstances where parties have requested relief prior to tangible, agency-imposed deadlines.[9]

## III. This Court Should Address The Merits Of Amazon's Injunction Request.

The NLRB argues that this Court should not address the merits of Amazon's request for a preliminary injunction. NLRB Br. at 21-22. That argument ignores the Court's documented practice of addressing the merits of preliminary injunction requests in effective-denial appeals. *See, e.g.*, *Clarke v. FTC*, 74 F.4th 627, 644 (5th

---

[9] Contrary to the Board's explanation, Amazon never conceded that the Board was unlikely to rule quickly in the C-Case following the September 27, 2024 filing deadline. NLRB Br. at 19. Amazon's counsel explained that the Board "[n]ormally" takes weeks to issue rulings in test of certification proceedings but "*could* issue [a decision] as soon as [Amazon] file[s] a brief," reinforcing Amazon's need for a ruling on or prior to September 27. ROA.558-59 (emphasis added). Whether it would take the Board two hours, two days, two weeks or two months to issue its ruling is not the point. Amazon's point, which it repeatedly made to the district court, is that once the Board's deadline came and went, nothing was stopping it from acting. Indeed, the Board's counsel refused to assure the district court that the Board would stand down to allow more time for a decision to be rendered.

Cir. 2023) (reversing district court's effective denial of preliminary injunction and instructing district court to enter preliminary injunction on remand).

It is particularly appropriate for the Court to address the merits of Amazon's request for a preliminary injunction because the questions presented are purely legal constitutional issues that the Court reviews *de novo*. *Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 233 (5th Cir. 2024). The NLRB argues that remanding this case to the district court would allow it to make "particularized findings regarding, for instance, the impact of Amazon's delay on the balance of equities, and what—if any—significant and irremediable harm Amazon would suffer in the absence of preliminary relief." NLRB Br. at 22. But this Court is well-equipped to consider each of these factors in the context of an effective denial of a preliminary injunction, and the NLRB has not provided any specific reason why it would have difficulty doing so here. *See Clarke*, 74 F.4th at 643-44.[10]

## IV. The Norris-LaGuardia Act Does Not Apply.

Finally, the NLRB half-heartedly argues that the Norris-LaGuardia Act "jurisdictionally precludes" Amazon from receiving an injunction. NLRB Br. at 22-23. The Norris-LaGuardia Act is inapplicable to this case. That statute regulates

---

[10] Should this Court disagree, it should issue a limited remand and retain jurisdiction pending the district court's entry of particularized findings. *See, e.g.*, *Chamber of Com. of U.S. v. CFPB*, No. 24-10248, ECF No. 105-1 at 2 (5th Cir. Apr. 30, 2024).

injunctions against strikes, picketing, and boycotts by labor groups and "expresses a basic policy against the injunction of activities of labor unions." *Chicago & N.W. Ry. Co. v. United Transp. Union*, 402 U.S. 570, 581 (1971). No provision of the Norris-LaGuardia Act purports to regulate injunctions issued in connection with unconstitutionally structured federal agency proceedings.

Nevertheless, the NLRB asserts that this case "unquestionably" grows out of a labor dispute. NLRB Br. at 22. This is an untenable reading of Norris-LaGuardia. The Supreme Court has clarified that the "critical element in determining whether the provisions of the Norris-LaGuardia Act apply is whether the employer-employee relationship [is] the matrix of the controversy." *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 712-13 (1982) (citing *Columbia River Packers Ass'n v. Hinton*, 315 U.S. 143, 147 (1942)).

Amazon's relationship with its employees, and its underlying challenges to the Board's administrative actions, have nothing to do with the constitutional infirmities it seeks to redress in this action. The claims in this case do not grow out of a labor dispute. They grow out of the concerns of a growing number of employers, including Amazon, over the constitutionality of the NLRB's structure and conduct of its proceedings. The terms and conditions of employment of, and the representational desires of Amazon employees, are not germane to the Court's analysis of questions of constitutional law. *See In re Cont'l Airlines, Inc.*, 484 F.3d

173, 184 (3d Cir. 2007) (holding that no "labor dispute" existed where case did not involve controversy regarding "terms and conditions of employment" or representation of employees). If the NLRB's proposed interpretation of the Norris-LaGuardia Act were adopted, injunctions sought well outside the context of employment disputes would be subject to the statute. Amazon is unaware of any court that has supported this extreme view, and the Board can point to none.

## CONCLUSION

The Court should grant Amazon's motion for an injunction pending appeal, reverse the district court's effective denial of the preliminary injunction, and remand with instructions to enter a preliminary injunction.

Respectfully submitted,

s/ *Amber M. Rogers*

Amber M. Rogers
HUNTON ANDREWS KURTH LLP
TX State Bar No. 24056224
arogers@huntonak.com
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2799
Telephone: 214-979-3000

Kurt G. Larkin
HUNTON ANDREWS KURTH LLP
klarkin@huntonak.com
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Telephone: 804-788-8200

*Counsel for Amazon.com Services LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the type-volume limitations of Rule 32(a)(7)(B), because it contains 6,329 words, excluding the parts exempted by Rule 32(f), according to the count of Microsoft Word.

s/ *Amber M. Rogers*
Amber M. Rogers
*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, I electronically filed this brief with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system. I further certify that Counsel for Appellees and Intervenor have been served by email at the address listed below:

| | |
|---|---|
| Tyler Wiese<br>tyler.wiese@nlrb.gov | Jeanne Mirer<br>jmirer@workingpeopleslaw.com |
| Michael Dale<br>Michael.dale@nlrb.gov | Mathew Sollett<br>msollett@bushgottlieb.com |
| Christine Flack<br>Christine.flack@nlrb.gov | Pamela M. Newport<br>pamela@hsglawgroup.com |
| Julie Gutman Dickinson<br>jgd@bushgottlieb.com | Willie Burden<br>wburden@teamster.org |
| David O'Brien Suetholz<br>dave@hsglawgroup.com | Richard Griffin<br>rgriffin@bredhoff.com |
| Edward M. Gleason<br>ed@hsglawgroup.com | Hector De Haro<br>hdeharo@bushgottlieb.com |

_s/ Amber M. Rogers_
Amber M. Rogers
_Counsel for Plaintiff-Appellant_