

HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL   804 • 788 • 8200
FAX   804 • 788 • 8218

TREVOR S. COX
DIRECT DIAL: 804 • 788 • 7221
EMAIL: tcox@HuntonAK.com

FILE NO: 56186.181

November 22, 2024

**VIA CM/ECF**

Lyle W. Cayce
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
600 S. Maestri Place, Ste. 115
New Orleans, LA 70130-3408

      RE:   *Amazon.com Services LLC v. NLRB et al.*, No. 24-50761; Fed. R. App. P. 28(j) Response to Appellees' Notice of Supplemental Authority (Nov. 19, 2024) [Memorandum Order, *VHS Acquisition Subsidiary No. 7 v. NLRB*, No. 1:24-cv-02577 (D.D.C. Nov. 17, 2024)]

Dear Mr. Cayce:

Appellees' supplemental authority, ECF No. 139-2 ("Order"), is non-binding and erroneous.

The D.D.C's conclusions rest on an unduly constrained view of *Axon Enterprises, Inc. v. Federal Trade Commission*, 598 U.S. 175 (2023), which recognizes district courts' jurisdiction over claims challenging plaintiffs' "subjection to an illegitimate proceeding." *Id.* at 191.  This Court should not give the Supreme Court's unanimous decision such short shrift. *Axon* controls Amazon's Seventh Amendment claim that it is entitled to a jury as "decisionmaker," *see* ECF Nos. 55-1 at 35, 123-1 at 4-5, and its separation-of-powers claim that Board members cannot adjudge their own misconduct, *see* ECF Nos. 55-1 at 30-31, 123-1 at 15.  In both ways, Board members are "illegitimate decisionmaker[s]." *Axon*, 598 U.S. at 191.

This Court also can ignore the D.D.C.'s misapplication of *Thunder Basin*. Order at 6-9.  First, the NLRA offers no "meaningful review" of Amazon's claims.  Amazon's right to an acceptable adjudicator in the first instance would remain "effectively lost": a "court of appeals can do nothing" about a "proceeding that has already happened." *Axon*, 598 U.S. at 191-92; *see also id.* at 202 (Thomas, J., concurring) (the "appellate review model may run afoul of the Seventh Amendment").  Second, unlike the D.D.C's characterization of the plaintiff's claims, Order at 8, Amazon's claims "challeng[e] the [agency's] power to proceed," not "actions taken in the agency proceedings," *Axon*, 598 U.S. at 192.  Third, the Board knows "nothing special



Lyle W. Cayce
November 22, 2024
Page 2

about the separation of powers" or the Seventh Amendment; that "could hardly be clearer." *Id.* at 194.

Finally, the D.D.C overreads the Norris-LaGuardia Act in finding injunctive relief unavailable. That Act prohibits "the injunction of activities of labor unions," *Chicago & N.W. Ry. Co. v. United Transp. Union*, 402 U.S. 570, 581 (1971), not of unconstitutional agency proceedings, *see* ECF No. 123-1 at 26. Moreover, the D.D.C. relied on pre-*Axon* D.C. Circuit precedent that "structural harms" are not irreparable. Order at 13. But this Court's precedent is to the contrary. *Cochran v. SEC*, 20 F.4th 194, 212-13 (5th Cir. 2021) (en banc) (recognizing injury of proceeding before an "unconstitutionally insulated" decisionmaker).

Sincerely,

Trevor S. Cox

*Counsel for Appellant Amazon.com Services LLC*